## Case No. 14,686.

### UNITED STATES v. BURLEY.

[14 Blatchf. 91.] [2]

Circuit Court, S. D. New York. Jan. 12, 1877.

VIOLATION OF ELECTION LAWS—NATURALIZATION CERTIFICATE—UNLAWFUL ISSUE.

B. registered as a voter, on the production of a certificate of his naturalization, which had been issued by a state court without his presence in court, and without any oath having been taken by him. The certificate was regular on its face. On an indictment against B., under section 5426 of the Revised Statutes, for using, for the purpose of registering as a voter, a naturalization certificate, knowing the same to have been unlawfully issued, *held*, that the mere fact that B. knew that the certificate had been issued without his presence in court, and without any oath being taken by him, was not sufficient to warrant a conviction.

This was an indictment, under section 5426 of the Revised Statutes, for using, for the purpose of registering as a voter, a naturalization certificate, knowing the same to have been unlawfully issued. The evidence showed that the defendant [William Burley] had registered as a voter, upon the production of a certificate of his naturalization, which certificate had been issued by a state court without the presence of the applicant in court, and without any oath hav-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ing been taken by him. The certificate was, in all respects, regular upon its face.

Benjamin B. Foster, Asst. U. S. Dist. Atty. John L. Hill, for defendant.

THE COURT held, that the mere fact that the defendant knew that the certificate had been issued without his presence in court, and without any oath being taken by him, was not sufficient to warrant a conviction.